**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**MICHAEL A. ROSS,**

                            **Plaintiff,**

                v.                            9:05-CV-1112
                                                      (FJS/GHL)

**ROBERT WOOD, Superintendent;**
**JACKIE KELLY; and BENNETT**,

                            **Defendants.**

_____

**APPEARANCES**                            **OF COUNSEL**

**MICHAEL A. ROSS**
**93-A-1664**
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **JAMES SEAMAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Currently before the Court are Magistrate Judge Lowe's May 26, 2009 Report-Recommendation and Plaintiff's objections thereto. *See* Dkt. Nos. 57, 59.

## II. BACKGROUND

In his complaint, Plaintiff alleges that Defendants Wood, Kelly and Bennett falsely advised him that a state-court wrongful death action filed against him would not result in money being removed from his inmate account, offered him assistance in defending that action, failed to take the promised action and, thereby, caused him to lose a substantial amount of money.

Defendants moved for summary judgment on the following grounds: (1) Plaintiff did not exhaust his administrative remedies; (2) Plaintiff had not alleged that Defendant Woods was personally involved in any of the alleged violations and could not raise a triable issue of fact that Defendant Kelly was personally involved in any violations that occurred after August 2003; (3) Plaintiff did not state a claim for denial of access to the courts or due process violations; (4) Plaintiff did not establish that Defendant Kelly was the proximate cause of any injury; and (5) Defendants were entitled to qualified immunity. *See* Dkt. No. 50. Plaintiff opposed Defendants' motion. *See* Dkt. No. 52.

In a Report-Recommendation dated May 26, 2009, Magistrate Judge Lowe recommended that this Court grant Defendants' motion. Specifically, he found that Defendants were not entitled to summary judgment on the ground that Plaintiff had not exhausted his administrative remedies. However, he found that they were entitled to summary judgment because Plaintiff had failed to demonstrate that Defendant Woods was personally involved in any of the alleged violations, had failed to state a claim that Defendants had denied him his right to access to the courts, had failed to state a due process claim against Defendant Bennett, and had failed to state a First Amendment claim against Defendant Bennet for searching his cell.

Plaintiff filed timely objections to Magistrate Judge Lowe's recommendations. In his

objections, Plaintiff appears to argue that Magistrate Judge Lowe should have recommended that the Court provide him with an opportunity to amend his complaint.[1] Plaintiff also asserts that Defendants Kelly and Bennett "intentionally plotted together to take that which was plaintiff [sic] his property, his money in his account." *See* Plaintiff's Objections at 3. He further claims that "the post deprivation remedy that [Magistrate Judge] Lowe recommend[ed] [he] seek in the court of claims is no longer available to [him]." *See id.*

### III. DISCUSSION

**A.   Standard of review**

In reviewing a magistrate judge's report-recommendation, the district court may decide to accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects. *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). *De novo* review is not required, however, if a party fails to file specific objections. *See Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (noting that where "no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record"). Nor is a court required to conduct *de novo* review where the parties' objections to the magistrate judge's recommendation repeat the arguments that the parties made in the original pleadings. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citations omitted). Finally, even if the parties file no objections, the court must ensure that the face of the

---

[1] Plaintiff appears to make this argument only with respect to his claim against Defendant Kelly.

record contains no clear error. *See Wilds*, 262 F. Supp. 2d at 169 (quotation omitted).

B. **Plaintiff's Fourth Amendment claim against Defendant Bennett**

Magistrate Judge Lowe noted that, although Defendants did not address Plaintiff's "potential" Fourth Amendment claim, he would address this claim *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). Magistrate Judge Lowe then went on to explain that the Fourth Amendment's proscription against unreasonable searches does not apply within the confines of a prison cell. *See* Report-Recommendation at 5 n.1 (citation omitted). Therefore, he recommended that this Court dismiss Plaintiff's Fourth Amendment claim against Defendant Bennett, which was based on Plaintiff's assertion that Defendant Bennett searched his cell, trashed it, and confiscated his legal documents. *See id.* at 4-5 (citing Dkt. No. 14 at ¶ 7(27)).

Plaintiff did not object to this recommendation. Since Magistrate Judge Lowe correctly noted that searches of prison cells do not implicate any protected constitutional right, the Court adopts Magistrate Judge Lowe's recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's Fourth Amendment claim against Defendant Bennett. *See DeMaio v. Mann*, 877 F. Supp. 89, 95 (N.D.N.Y.) (noting that "[s]earches of prison cells, even arbitrary searches, implicate no protected constitutional rights" (citation omitted)), *aff'd without opinion*, 122 F.3d 1055 (2d Cir. 1995).

C. **Plaintiff's claims against Defendant Woods**

In his complaint, Plaintiff alleged that Defendant Woods denied or ignored his grievances. However, Magistrate Judge Lowe found that "Plaintiff ha[d] not alleged or produced

[any] evidence raising a genuine issue of material fact that Defendant Woods was personally involved in any of the alleged violations" of his constitutional rights; and, therefore, he recommended that the Court grant Defendants' motion for summary judgment with respect to Plaintiff's claims against Defendant Woods. *See* Report-Recommendation at 23. Plaintiff did not object to this recommendation.

To hold a supervisory official liable for a constitutional violation, a plaintiff must establish that the official either (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing the subordinates who caused the violation; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that a violation had occurred. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted). Furthermore, an allegation that a supervisory official failed to respond to a grievance is insufficient to establish personal involvement. *See Rivera v. Goord*, 119 F. Supp. 2d 327, 344-45 (S.D.N.Y. 2000) (citations omitted); *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) (citations omitted).

Since Plaintiff has come forward with no evidence to show that Defendant Woods had any involvement in the alleged violations of his constitutional rights, the Court adopts Magistrate Judge Lowe's recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's claims against Defendant Woods.

D.      **Plaintiff's access-to-the-courts claim**

Magistrate Judge Lowe noted that Plaintiff's access-to-the-courts claim concerned his

defense of a wrongful death action filed in state court. Magistrate Judge Lowe found that such an action does not trigger a First Amendment right of access to the courts because it does not concern the validity of an inmate's sentence or the conditions of his confinement. *See* Report-Recommendation at 25-26 (citations and footnote omitted). Therefore, he recommended that the Court grant Defendants' motion for summary judgment with respect to this claim. Plaintiff does not object to this recommendation.

The First Amendment provides inmates with the right to petition the Government for redress of grievances. This right requires states "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977), *modified on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 350 (1996). This right, however, is limited to guaranteeing that inmates have the tools they "'need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.'" *Collins v. Goord*, 438 F. Supp. 399, 416 (S.D.N.Y. 2006) (quotation omitted). Furthermore, "'[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.'" *Id.* (quotation omitted). Moreover, a plaintiff must not only show that the defendants interfered with his right of access to the courts but also that he suffered an actual injury. *See Lewis*, 518 U.S. at 353-54.

As Magistrate Judge Lowe noted, Plaintiff's defense of a wrongful death action does not trigger a First Amendment right-of-access-to-the-courts claim. Therefore, the Court adopts Magistrate Judge Lowe's recommendation and grants Defendants' motion for summary judgment with respect to this claim.

### E. Plaintiff's due process claim

Magistrate Judge Lowe construed Plaintiff's complaint liberally to contain a due process claim based on his allegation about the removal of money from his inmate account and Defendant Bennett's removal of items from his cell. Magistrate Judge Lowe found that, because New York afforded Plaintiff an adequate post-deprivation remedy in the form of a Court of Claims action, he could not sustain a Fourteenth Amendment due process claim. Therefore, Magistrate Judge Lowe recommended that the Court grant Defendants' motion for summary judgment with respect to this claim.

Plaintiff objects to this recommendation, arguing that Defendants Kelly and Bennett intentionally plotted to take money from his account and that he does not need to seek any other post-deprivation remedy as long as he can show that a violation occurred. *See* Plaintiff's Objections at 3. Furthermore, Plaintiff argues that a court-of-claims remedy is no longer available to him and that for the Court "to even suggest that . . . a clear violation has taken place but in order for [Plaintiff] to obtain redress [he] must go court shopping . . . is not how justice [sic] suppose to work." *See id.*. Therefore, he asserts that the Court should allow him to have his claim heard before a trier of fact. *See id.* at 5.

"[T]he Supreme Court has held that even intentional destruction of prisoner's property may not be the basis for constitutional claims if sufficient postdeprivation remedies are provided." *Howard v. Leonardo*, 845 F. Supp. 943, 947 (N.D.N.Y. 1994) (citation omitted). Furthermore, because "[t]he fundamental requirement of due process is an opportunity to be heard at a meaningful time and in a meaningful manner . . . as long as a meaningful postdeprivation remedy is provided, the Fourteenth Amendment is satisfied." *Id.* (internal

-7-

citation omitted). "New York . . . affords an adequate post-deprivation remedy in the form of, *inter alia*, a Court of Claims action." *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001); *see also DeMaio*, 877 F. Supp. at 95.

Despite Plaintiff's assertion to the contrary, Magistrate Judge Lowe did not, in any way, insinuate that he believed that a violation of Plaintiff's due process rights had occurred. To the contrary, Magistrate Judge Lowe explained that, as a matter of law, Plaintiff could not sustain a due process claim based on his allegation that Defendants removed money from his inmate account and property from his cell because New York provided him with an adequate post-deprivation remedy for any loss that he suffered and that was all that the Fourteenth Amendment required.[2]

Therefore, because New York has provided Plaintiff with an adequate post-deprivation remedy, the Court adopts Magistrate Judge Lowe's recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's due process claim.

### IV. CONCLUSION

After reviewing the entire file in this matter, including Magistrate Judge Lowe's Report-Recommendation and Plaintiff's objections thereto and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lowe's May 26, 2009 Report-Recommendation is

---

[2] Furthermore, to the extent that Plaintiff is requesting an opportunity to amend this claim, such an amendment would be futile because the problem with Plaintiff's due process claim is substantive and repleading would not cure that defect. *See Rhodes v. Hoy*, No. 9:05-CV-836, 2007 WL 1343649, *3 (N.D.N.Y. May 5, 2007) (citation omitted).

**ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's Fourth Amendment claim against Defendant Bennett is **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2); and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2009
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge